IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADIS ALIC and ALMA ALIC, | |
| Plaintiff, | CIVIL ACTION 1:16-cv-08182 |
| v. | COMPLAINT |
| NEW PENN FINANCIAL, d/b/a SHELLPOINT MORTGAGE SERVICING, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiffs, ADIS ALIC and ALMA ALIC, by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NEW PENN FINANCIAL, d/b/a SHELLPOINT MORTGAGE SERVICING, as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq*. and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

1

## PARTIES

5.  ADIS ALIC and ALMA ALIC (hereinafter "Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided at the property commonly known as 7941 Karlov Avenue, Skokie, Illinois 60076.

6.  NEW PENN FINANCIAL, d/b/a SHELLPOINT MORTGAGE SERVICING (hereinafter "Defendant") is a foreign corporation formed under the laws of the State of Delaware. Defendant has a principal place of business located at 4000 Chemical Road, Suite 200, Plymouth Meeting, Pennsylvania 19462..

## FACTUAL ALLEGATIONS

7.  On December 5, 2006, Plaintiffs executed a mortgage in favor of ABN AMRO Mortgage Group, Inc. to secure a promissory note in the amount of $501,600.00. The note was payable in monthly installments of $2,351.25 with a maturity date of January 1, 2037.

8.  On November 8, 2011, Bank of America, N.A., by and through its attorneys, Pierce & Associates, P.C. filed its Complaint to Foreclose Mortgage to foreclose on the property located at 7941 Karlov Avenue, Skokie, Illinois 60076.[1]

9.  On June 27, 2012, a bankruptcy case concerning Plaintiffs was filed under Chapter 7 of the United States Bankruptcy Code.[2] *See* Exhibit A, a true and correct copy of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines and Certificate of Notice. The schedules filed by Plaintiffs listed Saxon Mortgage Services, Inc.[3] on

---

[1] Case No. 11 CH 38740 *(Bank of America, N.A. v. Adis Alic, Alma Alic, et. al.)*

[2] Case No. 12-25828 (*In re Adis Alic and Alma Alic f/k/a Alma Besic*)

[3] Subsequently, the servicing of Plaintiff's mortgage Loan was transferred from Saxon Mortgage Services, Inc. to Ocwen Loan Servicing, LLC to Shellpoint Mortgage Servicing.

Schedule D - Creditors Holding Secured Claims. *See* Exhibit B, a true and correct copy of Schedule D – Creditors Holding Secured Claims.

10. On October 23, 2012, Plaintiffs were granted a discharge under section 727 of the United States Bankruptcy Code. *See* Exhibit C, a true and correct copy of the Discharge of Debtor and Certificate of Notice. The discharge prohibits any attempt to collect from Plaintiffs a debt that has been discharged.

11. On March 17, 2015, Sulaiman Law Group, Ltd. filed an Answer to Bank of America, N.A.'s Complaint to Foreclose Mortgage and Appearance. on behalf of Plaintiffs.

12. On March 14, 2016, Defendant sent Plaintiffs written correspondence acknowledging receipt of Plaintiffs' incomplete request for a loss mitigation program. *See* Exhibit D, a true and correct copy of the March 14, 2016 written correspondence.

13. On April 20, 2016, Defendant sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Amount Due" was $264,936.54; the "Payment Due Date" was May 1, 2016; and

> **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 04/20/2016, you are 2,546 days delinquent on your mortgage loan.
>
> **Recent Account History**
> - Payment due 11/01/15 unpaid balance of $244,098.01
> - Payment due 12/01/15 unpaid balance of $2,722.57
> - Payment due 01/01/16 unpaid balance of $2,509.32
> - Payment due 02/01/16 unpaid balance of $2,635.65
> - Payment due 03/01/16 unpaid balance of $2,759.53
> - Payment due 04/01/16 unpaid balance of $2,759.53
> - Payment due 05/01/16 current payment due
> - **Total: $264,936.54 due. You must pay this amount to bring your loan current.**

*See* Exhibit E, a true and correct copy of the April 20, 2016 Mortgage Statement.

14. On April 28, 2016, Defendant sent Plaintiffs written correspondence acknowledging receipt of Plaintiffs' incomplete request for a loss mitigation program. *See* Exhibit F, a true and correct copy of the April 28, 2016 written correspondence.

15. On May 23, 2016, Defendant sent Plaintiffs written correspondence acknowledging receipt of Plaintiffs complete request for a loss mitigation program. *See* Exhibit G, a true and correct copy of the May 23, 2016 written correspondence.

16. On May 26, 2016, Defendant sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Amount Due" was $272,594.43; the "Payment Due Date" was June 1, 2016; and

    **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 05/26/2016, you are 2,582 days delinquent on your mortgage loan.

    **Recent Account History**
    - Payment due 12/01/15 unpaid balance of $246,933.58
    - Payment due 01/01/16 unpaid balance of $2,509.32
    - Payment due 02/01/16 unpaid balance of $2,635.65
    - Payment due 03/01/16 unpaid balance of $2,759.53
    - Payment due 04/01/16 unpaid balance of $2,759.53
    - Payment due 05/01/16 unpaid balance of $7,575.81
    - Payment due 06/01/16 current payment due
    - **Total: $272,594.43 due. You must pay this amount to bring your loan current.**

    *See* Exhibit H, a true and correct copy of the May 26, 2016 Mortgage Statement.

17. On June 18, 2016, Defendant sent Plaintiffs a Mortgage Statement, with a payment coupon attached, which provided that the "Amount Due" was $280,234.32; the "Payment Due Date" was July 1, 2016; and

    **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 06/18/2016, you are 2,605 days delinquent on your mortgage loan.

      **Recent Account History**
- Payment due 01/01/16 unpaid balance of $249,537.90
- Payment due 02/01/16 unpaid balance of $2,635.65
- Payment due 03/01/16 unpaid balance of $2,759.53
- Payment due 04/01/16 unpaid balance of $2,759.53
- Payment due 05/01/16 unpaid balance of $7,575.81
- Payment due 06/01/16 unpaid balance of $7,544.89
- Payment due 07/01/16 current payment due
- **Total: $280,234.32 due. You must pay this amount to bring your loan current.**

*See* Exhibit I, a true and correct copy of the June 18, 2016 Mortgage Statement.

18. On July 15, 2016, Defendant sent Plaintiffs written correspondence notifying Plaintiffs that Defendant was unable to offer Plaintiffs a loan modification. *See* Exhibit J, a true and correct copy of the July 15, 2016 written correspondence.

19. On July 19, 2016, Defendant sent Plaintiff a Mortgage Statement, with a payment coupon attached, which provided that the "Amount Due" was $287,655.33; the "Payment Due Date" was August 1, 2016; and

**You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 07/19/2016, you are 2,636 days delinquent on your mortgage loan.

**Recent Account History**
- Payment due 02/01/16 unpaid balance of $252,173.55
- Payment due 03/01/16 unpaid balance of $2,759.53
- Payment due 04/01/16 unpaid balance of $2,759.53
- Payment due 05/01/16 unpaid balance of $7,575.81
- Payment due 06/01/16 unpaid balance of $7,544.89
- Payment due 07/01/16 unpaid balance of $7,421.01
- Payment due 08/01/16 current payment due
- **Total: $287,655.33 due. You must pay this amount to bring your loan current.**

*See* Exhibit K, a true and correct copy of the July 19, 2016 Mortgage Statement.

20. As a result of Defendant's systematic campaign of unlawful collection activity, Plaintiff has suffered emotional distress (i.e., confusion, frustration and humiliation) and mental distress.

### COUNT I – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692C(A)(2) - COMMUNICATION IN CONNECTION WITH DEBT COLLECTION

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

23. The mortgage loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. Defendant is a "debt collector as defined by 15 U.S.C. § 1692a(6).

25. Defendant is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

26. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff in connection with the collection of the mortgage loan on March 14, 2016, April 20, 2016, April 28, 2016, May 23, 2016, May 26, 2016, June 18, 2016, July 15, 2016 and July 19, 2016, when Defendant knew Plaintiff was represented by an attorney and had knowledge of Plaintiff's attorney's name and address.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692E(2) - FALSE OR MISLEADING REPRESENTATIONS

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Section 523(a)(2) of the United States Bankruptcy Code provides:

    (a) A discharge in a case under this title –

        (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor; whether or not discharge of such debt is waived; and

21. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiff's mortgage loans. The mortgage loan was not collectable at the time Defendant demanded payment by virtue of the bankruptcy discharge.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT III – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692E(10) - FALSE OR MISLEADING REPRESENTATIONS

22. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

23. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect Plaintiff's mortgage loans. The mortgage loan was not collectable at the time Defendant demanded payment by virtue of the bankruptcy discharge.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT IV – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692F - UNFAIR PRACTICES

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect and/or attempt to collect Plaintiff's mortgage loans. The mortgage loan was not collectable at the time Defendant demanded payment by virtue of the bankruptcy discharge..

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

### COUNT V – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692F(1) - UNFAIR PRACTICES

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

27. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the mortgage. The collection of Plaintiff's mortgage loans was not permitted by law at the time Defendant demanded payment by virtue of the bankruptcy discharge.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

b.. any other relief deemed appropriate and equitable.

### COUNT VI – VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT - 815 ILCS 505/1 *ET SEQ.*

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37. Plaintiff is a "person" as defined by 815 ILCS § 505/1(c).

38. Plaintiff is a "consumer" as defined by 815 ILCS § 505/1(e).

39. Defendant is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

40. The Illinois Consumer Fraud and Deceptive Business Practices Act is a regulatory and remedial statute intended to protect borrowers, businesses and consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices.

41. An Illinois Consumer Fraud and Deceptive Business Practices Act claim requires (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, and (4) actual damage to the plaintiff that is (5) a result of the deception.

42. Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act by unfairly and deceptively inducing Plaintiff to make payments notwithstanding the bankruptcy discharge.

43. Upon information and belief, Defendant has engaged in a systematic campaign of unlawful collection activity – involving inducing consumers to make payments notwithstanding the automatic stay.

44. Any person who suffers actual damage as a result of a violation of this Act may bring an action against such person. The court, in its discretion, may award actual economic damages or other relief which the court deems proper.

45. An award of actual damages is appropriate as Defendant's deceptive and unfair acts are the proximate causation of Plaintiff's emotional distress (i.e., confusion, frustration and humiliation) and mental distress.

46. An award of punitive damages is appropriate as Defendant's deceptive and unfair acts were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of Plaintiff, and consumers generally.

WHEREFORE, Plaintiff requests the following relief:

a. actual, and punitive damages, and costs of this action include expenses together with attorney's fees as determined by this Court; and

b. any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

August 18, 2016 

Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
t: 630-575-8181
f: 630-575-8188

e: jdavidson@sulaimanlaw.com

*Counsel for Adis Alic and Alma Adic*